IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NEAL K. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv0905 |
| ) | |
| SPRINT CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**SPRINT CORPORATION'S AND MARIANO ALMONTE'S
REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS II AND III OF THE
<u>AMENDED COMPLAINT</u>**

Sprint Corporation ("Sprint") and Mariano Almonte ("Almonte") (collectively, the "Defendants"), by counsel, respectfully file this reply memorandum in support of their Motion to Dismiss Counts II and III.

**I.    Almy v. Grisham does not support Plaintiff's Position**

Plaintiff's intentional infliction of emotional distress claim should be dismissed because it fails to satisfy the outrageousness requirement under Virginia law. In his opposition brief, Plaintiff cites substantively to one Virginia case, *Almy v. Grisham*, 273 Va. 68 (2007), as supporting his position. *Almy* involved a plaintiff who sued four defendants for intentional infliction of emotional distress. Several of the defendants in *Almy* believed that Almy had written and sent anonymous letters, some of which alleged marital infidelity. *Id.* at 73. To prove that Almy wrote these letters, the defendants obtained a handwriting sample of Almy's from the confidential files of her child's school, and provided this sample to a handwriting expert. *Id*. at 73-74. After the handwriting expert concluded that the anonymous letters could possibly have been written by Almy, three of the defendants allegedly told the police that the handwriting was Almy's. *Id*. at 74. Almy sued and alleged intentional infliction of emotional distress as a result

of the interaction with the police. It is true that the Supreme Court in *Almy* found that Almy had sufficiently alleged outrageous conduct. *Id*. at 78-79. But it is also true that *Almy* involved allegations consisting of an involved and perhaps even devious scheme (involving the confidential files of a minor) devised by three defendants to falsely accuse Almy of writing the letters. *E.g.*, *id*. at 78. There is no such scheme alleged in this case by the Plaintiff. Accordingly, *Almy* does not support the Plaintiff's contention that he has sufficiently alleged outrageous conduct by Sprint and Almonte.

Plaintiff's citation to *Carter v. Hahn*, 821 A.2d 890 (D.C. Ct. Appeals 2003) is misplaced simply because that case is from the District of Columbia and does not address an intentional infliction of emotional distress claim under Virginia law, which is controlling in this case. Indeed, there is also ample authority contrary to *Carter* outside of the Fourth Circuit. *See, e.g.*, *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) ("We find that merely calling the police and informing them that someone is intoxicated or using drugs is not sufficiently outrageous conduct to warrant the recovery of damages for the intentional infliction of emotional distress even if those statements are false.").

Furthermore, Plaintiff does not substantively address the cases cited by Sprint and Almonte in their brief (ECF No. 10) showing that Plaintiff's allegations do not rise to the level of outrageousness required under Virginia law. *See Crittendon v. Arai Americas, Inc.*, No. 2:13cv567, 2014 WL 31490, at *7 (E.D. Va. Jan. 3, 2014) (finding allegations that defendants filed false reports concerning plaintiff and informed others that plaintiff had stolen money and committed financial improprieties at work did not constitute extreme and outrageous conduct in the context of a claim for intentional infliction of emotional distress); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 266 (W.D. Va. 2001) (holding that defendant's allegedly

false statements that plaintiff was terminated for theft were "completely insufficient to demonstrate the level of outrageousness required under Virginia law" for an intentional infliction of emotional distress claim). In one sentence, Plaintiff contends that these cases are not analogous because they "deal with employment issues." (Pl.'s Opp'n at 4, ECF No. 11.) In fact, these cases addressed allegations of false reports of stealing and theft—similar allegations to the case at hand. In each case, the court found that such allegations do not rise to the level of outrageousness required to sustain a claim for intentional infliction of emotional distress.

Lastly, Plaintiff does not address the initial obstacle his claim faces: that such claims are very much disfavored absent an accompanying physical injury, as is the circumstance in this case. *Karpel v. Inova Health Sys. Servs., Inc.*, No. Civ. A 96-347-A 1997 U.S. Dist. LEXIS 24491, at *19 (E.D. Va. Jan. 27, 1997) ("Absent accompanying physical injury, Virginia Courts very much look down on this tort in general.") (citing *Ruth v. Fletcher*, 377 S.E.2d 412 (Va. 1989)). Accordingly, Count II should be dismissed.

## II.     Almonte's Alleged Statements to the Police Are Absolutely Privileged—Not Qualified.

As Plaintiff recognizes in his brief, the Supreme Court of Virginia has held that statements made in a judicial proceeding are not actionable as slander because they are absolutely privileged. *Darnell v. Davis*, 58 S.E.2d 68, 70 (Va. 1950) ("words spoken or written in a judicial proceeding that are that relevant and pertinent to the matter under inquiry are absolutely privileged"). However, Plaintiff fails to recognize that the Supreme Court of Virginia "ha[s] extended the application of the absolute privilege well beyond the actual courtroom." *Lindeman v. Lesnick*, 604 S.E.2d 55, 58 (Va. 2004) (citing cases). Moreover, Plaintiff misapprehends the holding in *Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797 (E.D. Va. 2003), which afforded <u>absolute</u> privilege to statements made to law enforcement. *But see Smith*

3

*v. Button*, 43 Va. Cir. 379 (City of Richmond 1997) (applying a qualified privilege analysis to statements made to law enforcement in a defamation case).

In *Shabazz*, the plaintiff brought a number of claims against the defendant company, including a claim for slander. The plaintiff alleged that the defendant company published defamatory statements about the plaintiff in a report it made to the FBI. The alleged defamatory statements involved the defendant accusing the plaintiff of a crime—involvement in terrorism-related activities. This Court analyzed the alleged defamatory communications to the FBI and found that "the defendant's communications with the FBI are absolutely privileged." *Id*. at 806. It is true that the court in *Shabazz* did also engage in an analysis of the alleged defamatory statements under the qualified privilege. However, the court expressly stated the following at the beginning of that qualified privilege analysis: "Assuming, *arguendo*, that the defendant's communications with these agencies were not absolutely privileged, they would still be covered by a common-law qualified privilege." *Id*. Thus, contrary to Plaintiff's assertion, *Shabazz* held that statements made to law enforcement in connection with an investigation are absolutely privileged.[1] Any analysis by the court in *Shabazz* under the qualified privilege standard was only undertaken assuming, *arguendo*, that the statements at issue were not absolutely privileged.

Additionally, the Fourth Circuit has found that information provided to the United States Securities and Exchange Commission by an individual cannot be used as a basis for a defamation action. *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965). *Holmes* held that communications made to a civil enforcement agency for the purpose of potentially enforcing the law could not be

---

[1] Indeed, bolded heading number four of the court's opinion reads: **"4. The defendant's communications with the FBI are absolutely privileged"**. *Id*. at 805.

used as a basis for defamation.  In this case, Almonte is alleged to have made similar communications to law enforcement.  *See* Am. Compl. ¶¶ 24, 33-35.

Lastly, Virginia courts have recognized that the criminal investigative files and records related to police investigations are absolutely privileged from being used as the basis for a defamation claim.  *See Decker v. Watson*, 54 Va. Cir. 493, 496-97 (Prince William County, 2001).  Accordingly, it follows that statements made to the police related to a criminal investigation would also be absolutely privileged.  Indeed, *Shabazz*—a case decided by this Court—affirms that.  *Shabazz*, 271 F. Supp. 2d at 805-06.

For these reasons, Counts II and III of Plaintiff's Amended Complaint fail to state a claim upon which relief can be granted and should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Dated: January 20, 2017

        Respectfully submitted,

        */s/ Brian E. Pumphrey*
        Brian E. Pumphrey (VSB. No. 47312)
        Steven G. Popps (VSB No. 80817)
        McGuireWoods LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, Virginia 23219-3916
        Tele: (804) 775-7745
        Fax: (804) 698-2018
        bpumphrey@mcguirewoods.com
        spopps@mcguirewoods.com

        *Counsel for Defendants Sprint Corporation and Mariano Almonte*

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of January, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing (NEF) to all counsel of record.

        */s/ Brian E. Pumphrey*
        Brian E. Pumphrey (VSB. No. 47312)
        Steven G. Popps (VSB No. 80817)
        McGuireWoods LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, Virginia 23219-3916
        Tele: (804) 775-7745
        Fax: (804) 698-2018
        bpumphrey@mcguirewoods.com
        spopps@mcguirewoods.com

        *Counsel for Defendants Sprint Corporation and Mariano Almonte*