IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NEAL K. FIELDS,**

 **Plaintiff,**

v.                 **Civil Action No. 3:16cv905**

**SPRINT CORPORATION,** *et al.***,**

 **Defendants.**

## MEMORANDUM ORDER

Plaintiff Neal K. Fields brings this action against Defendants Sprint Corporation ("Sprint"), and its employee Mariano Almonte (collectively, the "Defendants") alleging that Defendants caused him damages when they falsely reported to the police that Fields had stolen a cell phone case. Defendants moved to dismiss two counts of Fields's Amended Complaint (the "Motion to Dismiss"). (ECF No. 9.)

The Court referred the Motion to Dismiss to the Honorable David J. Novak, United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b). Judge Novak filed a Report and Recommendation ("R&R") on May 11, 2017. (ECF No. 14.) Judge Novak recommended that:

1) "Defendants' Motion to Dismiss, (ECF No. 9) be granted with respect to Count II"; and

2) The Defendants' Motion should be "denied with respect to Count III."

(R&R 14, ECF No. 14.)

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by Judge Novak within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 15). On May 25, 2017, Defendants filed

an "Objection" to the R&R. (ECF No. 15.) Defendants "object[ed] to the section of the R&R addressing Count III of Fields'[s] Amended Complaint for slander and slander *per se*," and specifically contested Judge Novak's finding "that Almonte's alleged statement to the police regarding Fields'[s] theft of the phone case is not protected by absolute privilege, and therefore that Fields has sufficiently stated a claim in Count III to survive the motion to dismiss." (Obj. 1–2.) Defendants further urged the Court to "overrule the Magistrate Judge's recommendation and dismiss Count III with prejudice because Almonte's alleged statement was absolutely privileged." (*Id.* at 1.)

Fields has filed no objections to the R&R, and the time to do so has expired.

The Court has conducted a *de novo* review of the R&R and Defendants' objections. The Court is not persuaded by Defendants' argument attempting to distinguish *Lindeman v. Lesnick*, 604 S.E.2d 55 (Va. 2004) from the case at hand, or their arguments that *Lindeman* was incorrectly applied in the R&R. Moreover, *Mansfield v. Bernabei*, 727 S.E.2d 69 (Va. 2012), cited by Defendants for the first time in their objections, (Obj. 4–5), supports the findings and recommendations in the R&R. *Mansfield* held that for absolute privilege to attach to "communications preliminary to proposed judicial proceedings," such as Almonte's statements to the police officer, the statements must, *inter alia*, be "related to a proceeding contemplated *in good faith* and under serious consideration." *Mansfield*, 727 S.E.2d at 125. Fields's Amended Complaint, viewed in the light most favorable to Fields, pleads facts sufficient to support an inference that Almonte's statements were made to protect his job and not to catch a potential shoplifter. (*See* Am. Compl. ¶¶ 25, 27; R&R 14.)

Finding no error in the R&R, the Court:

    1) ADOPTS the findings and recommendations set forth in the R&R, (ECF No. 14);

2) OVERRULES Defendants' objection asking the Court to dismiss Count III of the Amended Complaint, (ECF No. 15);

3) GRANTS IN PART Defendants' Motion to Dismiss, (ECF No. 9);

4) DISMISSES Count II of the Amended Complaint; and,

5) ORDERS Defendants to file an answer to Fields's Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Eastern District of Virginia.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/12/17
Richmond, Virginia